UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THOMAS PATRICK OLSEN,

       Petitioner,

v.

NUNZIO E. DOLDO, *Superintendent*, and
TINA STANFORD, *NYS Board of Parole*,

       Respondents.

16-CV-5366 (RA)

OPINION AND ORDER

RONNIE ABRAMS, United States District Judge:

Petitioner Thomas Patrick Olsen brings this petition for a writ of habeas corpus challenging his state-law convictions for attempted first-degree rape, first-degree sexual abuse, and second-degree assault. Before the Court is Olsen's motion for a preliminary injunction, temporary restraining order, and an order requiring Respondents to produce documents and witnesses for examination. For the reasons set forth below, Olsen's motion is denied.

## BACKGROUND

On November 3, 2011, a jury convicted Olsen of attempted first-degree rape, first-degree sexual abuse, and second-degree assault in the Supreme Court of New York. Pet. at 1 (Dkt. 1). On March 28, 2012, the state court sentenced Olsen to six years in prison with ten years of post-release supervision. *See* Pet. at 2.

Olsen then petitioned for a writ of habeas corpus in state court, which the Appellate Division of the Supreme Court of New York, First Judicial Department denied in a summary order on May 29, 2012. *Id.* at 4. Olsen also filed a direct appeal to the Appellate Division, which unanimously affirmed his conviction on March 17, 2015. *See People v. Olsen*, 2 N.Y.S.3d 902, 903 (1st Dep't 2015); *see also* Pet. at 2. The Appellate Division held, *inter alia*, that "[t]he verdict

was supported by legally sufficient evidence and was not against the weight of the evidence," and that "[t]here is no basis for disturbing the jury's credibility determination." 2 N.Y.S.3d at 903. The Appellate Division also found that Olsen's "ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record," but that, "[i]n the alternative, to the extent the existing record permits review, [Olsen] received effective assistance under the state and federal standards." *Id.* On January 20, 2016, the New York Court of Appeals denied Olsen leave to appeal in a summary order. *See People v. Olsen*, 47 N.E.3d 99 (N.Y. 2016); *see also* Pet. at 2.

On July 6, 2016, Olsen filed this habeas petition. In the petition, Olsen asserts eleven claims: (1) he was denied due process on direct appeal because the Appellate Division did not hold a reconstruction hearing after the trial court was unable to locate his case file; (2) the prosecution failed to investigate the victim's psychiatric history; (3) the evidence supporting the jury's verdict was legally insufficient; (4) he was denied the right to a speedy trial; (5) the prosecution presented false evidence; (6) the trial court failed to instruct the jury on missing evidence; (7) his trial counsel rendered ineffective assistance; (8) the prosecution violated his due process rights under *Brady v. Maryland*, 373 U.S. 83 (1963) by failing to disclose evidence of the victim's medical history; (9) the prosecution violated his Confrontation Clause rights by failing to disclose the victim's criminal history; (10) the Appellate Division engaged in misconduct by appointing an appellate judge's relative to serve as his counsel and by denying his counsel access to the case file; and (11) he was denied the opportunity to appear at a court hearing. *See* Pet. 5–24. On August 11, 2016, Olsen was released on parole. *See* Pet'r. Aff. in Supp. of Mot. ¶ 10 ("Pet'r Aff.") (Dkt. 13).

On September 28, 2016, Olsen filed a motion for a preliminary injunction, temporary restraining order, and discovery order. *See* Notice of Mot. ¶ 1 (Dkt. 13). Olsen's motion for a preliminary injunction and temporary restraining order seeks to enjoin Respondents from enforcing a supervised release condition that requires him to remain drug-free. *See* Pet'r Aff. ¶¶ 16–17. Olsen's motion for a discovery order requests that the Court order Respondents to produce police records and transcripts and to make trial witnesses and other individuals available for examination. *See* Notice of Mot. ¶ 2; Pet'r Aff. ¶¶ 30–32. On October 4, 2016, Olsen also filed a letter asking the Court to "issue an immediate Injunction" enjoining Respondents from preventing him from attending his daughter's wedding in "early October 2016." *See* Dkt. 14.[1]

On October 14, 2016, in response to the Court's order directing a response, Respondents submitted a letter opposing Olsen's motions for injunctive relief. *See* Dkt. 17. On January 27, 2017, Respondents submitted a letter opposing Olsen's request for discovery. *See* Dkt. 42. Olsen submitted a responsive letter on February 13, 2017. *See* Dkt. 43.

## LEGAL STANDARD

"In general, district courts may grant a preliminary injunction where a plaintiff demonstrates 'irreparable harm' and meets one of two related standards: 'either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party.'" *Otoe-Missouria Tribe of Indians v. N.Y. State Dep't of Fin. Servs.*, 769 F.3d 105, 110 (2d Cir. 2014) (quoting *Lynch v. City of New York*, 589 F.3d 94, 98 (2d Cir. 2009)). "This two-track rule, however, is subject to an exception: A plaintiff cannot rely on the 'fair-ground-for-

---

[1] Olsen's subsequent letter, filed on October 6, 2016, indicates that his daughter's wedding was scheduled for October 8, 2016. *See* Dkt. 16.

3

litigation' alternative to challenge 'governmental action taken in the public interest pursuant to a statutory or regulatory scheme.'" *Id.* (quoting *Plaza Health Labs., Inc. v. Perales,* 878 F.2d 577, 580 (2d Cir. 1989)); *see also Friends of the E. Hampton Airport, Inc. v. Town of E. Hampton,* 841 F.3d 133, 143 (2d Cir. 2016); *Hardy v. Fischer,* 701 F. Supp. 2d 614, 618–19 (S.D.N.Y. 2010) (explaining that this "more rigorous standard" applies in the context of habeas petitions). Under any standard, a "preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997) (per curiam) (emphasis in original) (quotation marks omitted).

In addition, the Second Circuit has held that a district court lacks jurisdiction to issue "preliminary injunctive relief" where a motion for a preliminary injunction "presents issues which are entirely different from those which were alleged in [the] original complaint." *Stewart v. INS,* 762 F.2d 193, 199 (2d Cir. 1985); *see also Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.,* 810 F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction."). That is because, as the Fourth Circuit has explained, the "purpose of interim equitable relief is to protect the movant, during the pendency of the action, from being harmed or further harmed in the manner in which the movant contends it was or will be harmed through the illegality alleged in the complaint." *Omega World Travel, Inc. v. Trans World Airlines,* 111 F.3d 14, 16 (4th Cir. 1997). "Thus, a preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action." *Id.* Rather, "a party moving for a preliminary injunction must necessarily establish a relationship between the

4

injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam); *see also Pac. Radiation Oncology*, 810 F.3d at 636 (holding that a party seeking a preliminary injunction must establish "a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself"); *accord Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010); *Little v. Jones*, 607 F.3d 1245 (10th Cir. 2010); *Martin v. Keitel*, 205 F. App'x 925, 929 (3d Cir. 2006) (unpublished); *Liner v. Fischer*, No. 11-CV-6711 (PAC) (JLC), 2013 WL 1832316, at *5 (S.D.N.Y. May 2, 2013).

## DISCUSSION

### A. Preliminary Injunction and Temporary Restraining Order

Olsen's motion for a preliminary injunction and temporary restraining order seeks to enjoin Respondents from enforcing a condition of his supervised release that requires him to remain drug-free. *See* Pet'r Aff. ¶¶ 16–17. Olsen argues that Respondents have made this condition impossible to satisfy by requiring him to reside at a homeless shelter known for housing active marijuana users. *See id.* ¶¶ 14, 16, 21. Olsen argues that, as a result, this parole condition places his "liberty" in "immediate jeopardy of being taken away." *Id.* ¶ 17. This application is denied.

Olsen's challenge to the conditions of his supervised release "presents issues which are entirely different from those which were alleged in his original [petition]." *Stewart*, 762 F.2d at 199. Olsen's habeas petition raised at least eleven claims challenging his convictions, including claims for ineffective assistance of counsel, Confrontation Clause violations, and sufficiency of the evidence. His petition did not, however, challenge his sentence or the terms of his supervised release, such as requirements that he remain drug-free or reside at any particular facility. Nor does his petition contain the factual allegations that Olsen now alleges in support of this motion. The

5

petition does not, for instance, include any allegations regarding Olsen's exposure to marijuana smoke or his difficulty in complying with the terms of his supervised release. Thus, because the claims Olsen's motion for a preliminary injunction raises are not sufficiently related to the claims in his underlying habeas petition, the Court lacks jurisdiction to issue the injunctive relief he seeks. *See Stewart*, 762 F.2d at 199; *see also, e.g., Devose*, 42 F.3d at 471 (denying a prisoner's motion for a preliminary injunction, where the complaint alleged Eighth Amendment violations based on the denial of adequate medical treatment but the motion alleged that prison officials retaliated against him for bringing suit); *Jackson v. Capra*, No. 14-CV-202 (GBD), 2015 WL 367085, at *7 (S.D.N.Y. Jan. 28, 2015) (denying a habeas petitioner's motion for a preliminary injunction because there was "no relationship between the matters sought to be addressed in the petition and the relief [the petitioner] seeks in the motion for a preliminary injunction"), *adopted*, 2015 WL 1064900 (S.D.N.Y. Mar. 2, 2015).

Olsen's second motion for a preliminary injunction seeks to enjoin Respondents from preventing him from attending his daughter's wedding. This motion, filed on October 4, 2016, is now moot, as Olsen alleges that his daughter's wedding was scheduled for "early October 2016."

Accordingly, Olsen's motions for a preliminary injunction and temporary restraining order are denied.[2]

---

[2] Because the Court lacks jurisdiction to grant Olsen's motion for a preliminary injunction, it need not address the factors generally considered in evaluating such a motion. *See Friends of the E. Hampton Airport*, 841 F.3d at 143. The Court also need not consider Respondents' argument that Olsen may not challenge the conditions of his supervised release in the context of a habeas proceeding and must instead seek relief under 28 U.S.C. § 1983.

## B. Discovery

Olsen's motion also seeks an order requiring Respondents to produce documents and witnesses for examination. In particular, Olsen seeks to examine three of the prosecution's trial witnesses regarding the injuries sustained by the victim. *See* Pet'r Aff. ¶¶ 30–32. This application is denied.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Rather, a habeas petitioner may seek discovery under Rule 6(a) of the Federal Rules Governing Section 2254 Cases in the United States District Courts, which provides that "a judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." Fed. R. Governing § 2254 Cases 6(a); *see Dist. Attorney's Office for Third Judicial Dist. v. Osborne*, 557 U.S. 52, 72 (2009); *Drake v. Portuondo*, 321 F.3d 338, 346 (2d Cir. 2003). "This 'good cause' standard is satisfied 'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.'" *Ferranti v. United States*, 480 F. App'x 634, 638 (2d Cir. 2012) (summary order) (quoting *Bracy*, 520 U.S. at 908–09).

Olsen has not demonstrated "good cause" for the Court to authorize him to conduct discovery. There is no dispute that Olsen's habeas petition is governed by 28 U.S.C. § 2254(d). As a result, the record under review is "limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011); *see also Jackson v. Conway*, 763 F.3d 115, 135 (2d Cir. 2014) ("[T]he rule expressed in *Pinholster* generally prohibits us from relying on evidence beyond the state court record to reach our result."

(internal quotation marks omitted)).³ Since the Court cannot consider any evidence that Olsen might obtain through discovery in evaluating his habeas petition, Olsen has not shown that discovery would allow him to demonstrate that he is entitled to relief.⁴

Moreover, even if the Court were permitted to supplement the state-court record and consider new evidence in this habeas proceeding, Olsen has not provided "specific allegations" demonstrating that he may "be able to demonstrate that he is entitled to relief" if permitted to conduct discovery. *Bracy*, 520 U.S. at 908–09 (alteration omitted) (internal quotation marks omitted). Olsen does not explain why police records or any other documentary evidence would support his claims. And while Olsen alleges that the prosecution's trial witnesses lacked sufficient knowledge to testify about the victim's injuries in this case, he has not explained how any further examination of these witnesses would produce testimony or evidence that would entitle him to relief on the claims raised in his petition. With respect to Olsen's sufficiency-of-the-evidence claim, for example, Olsen has not argued that "no rational trier of fact could have agreed with the jury" on the basis of evidence other than the testimony of the trial witnesses Olsen now seeks to examine. *Cavazos v. Smith*, 565 U.S. 1, 2 (2011) (per curiam). Thus, even if the Court were able

---

³ While *Pinholster* addressed the standard under 28 U.S.C. § 2254(d)(1), which permits habeas relief where the state court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," the Supreme Court made clear that its reasoning applies with equal or greater force to § 2254(d)(2), which permits relief where the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see Pinholster*, 563 U.S. at 185 n.7 (noting that § 2254(d)(2) contains "additional clarity" on the evidence a court may consider because it includes the language "in light of the evidence presented in the State court proceeding").

⁴ Olsen has not argued that the provisions of 28 U.S.C. § 2254(d) do not apply, in which case he may be entitled to an evidentiary hearing under 28 U.S.C. § 2254(e)(2). *See Pinholster*, 563 U.S. at 185–86.

8

to consider new evidence, Olsen has not adequately alleged that any such evidence would allow him to prevail on his claims in this action. Olsen's request for discovery is therefore denied.

## CONCLUSION

For the foregoing reasons, Olsen's motions for a preliminary injunction, temporary restraining order, and discovery are denied. This petition is referred to Magistrate Judge Freeman for a report and recommendation. The Clerk of Court is respectfully directed to terminate the motions pending at Docket No. 13 and 14.

SO ORDERED.

Dated: April 20, 2017
New York, New York

Ronnie Abrams
United States District Judge